**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13543

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EDUARDO PALOMEQUE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:24-cr-00181-TFM-MU-1

_____

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Eduardo Palomeque pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute cocaine aboard a vessel subject to the jurisdiction of the United States, and the district court

imposed a sentence of 135 months' imprisonment. He argues that his sentence is substantively unreasonable. While he acknowledges that his plea agreement contained a sentence-appeal waiver, he maintains that it does not apply because the district court stated at the sentencing hearing that he had a right to appeal and the government failed to object.[1] The government in turn seeks to enforce the appeal waiver. After review, we conclude that the sentence-appeal waiver is valid and enforceable and bars Palomeque's claim. Therefore, we dismiss this appeal.

Palomeque's plea agreement contained the following sentence-appeal waiver:

> [T]he defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

---

[1] Palomeque acknowledges that his position that comments at sentencing may alter a sentence-appeal waiver is contrary to our precedent in *United States v. Bascomb*, 451 F.3d 1292 (11th Cir. 2006). Nevertheless, he noted that there was a circuit split on this issue and the United States Supreme Court had granted certiorari in *Hunter v. United States* (24-1063), which, in part, raised the question of whether an appeal waiver applies where the district court advises the defendant that he has a right to appeal and the government fails to object. As we discuss further, *Hunter* has since been decided, and it squarely forecloses Palomeque's argument. *See Hunter v. United States*, 146 S. Ct. 1702 (2026).

The waiver carved out three exceptions, reserving Palomeque's right to appeal (1) if the sentence exceeded the statutory maximum, (2) if the sentence exceeded the guidelines range, or (3) if his counsel rendered constitutionally ineffective assistance. Palomeque signed the plea agreement, including the statement that he had reviewed the agreement, understood it, and voluntarily agreed to its terms.

The district court reviewed the terms of the sentence-appeal waiver at the change-of-plea hearing, and Palomeque confirmed that he understood them.  The district court found that Palomeque knowingly and voluntarily entered his guilty plea and accepted it.

At sentencing, the district court adopted the presentence investigation report and sentenced Palomeque to 135 months' imprisonment, which was the bottom of his guidelines range.[2]  At the end of the hearing, the district court stated that Palomeque had "a right to appeal" and explained that if he chose to appeal, he must file a notice of appeal within 14 days of the judgment.  The government did not object to this statement.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To demonstrate that a waiver was made knowingly and

---

[2] Palomeque's guidelines range was 135 to 168 months' imprisonment.

voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351. A district court's statement at sentencing that the defendant has a right to appeal does not negate an otherwise knowing and voluntary appeal waiver, even when the government fails to object to the district court's erroneous statement. *Hunter v. United States*, 146 S. Ct. 1702, 1710–11 (2026); *see also Bascomb*, 451 F.3d at 1297 (explaining that a plea agreement "cannot be vitiated or altered by comments the court makes during sentencing").

Here, Palomeque does not challenge the knowing and voluntary nature of his appeal waiver. Nor could he as his plea colloquy establishes that the district court specifically questioned him about the waiver and that Palomeque entered the waiver knowingly and voluntarily. *Bushert*, 997 F.2d at 1351; *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] . . . plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily"). Instead, Palomeque argues that the district court's statement at sentencing that he had a right to appeal negated the otherwise enforceable appeal waiver. *Hunter* and *Bascomb* squarely foreclose his claim. *Hunter*, 146 S. Ct. at 1710–11; *see also Bascomb*, 451 F.3d at 1297. Accordingly, we conclude that the waiver is valid

25-13543            Opinion of the Court                     5

and enforceable, and bars Palomeque's challenge to the substantive reasonableness of his sentence.  Therefore, we dismiss this appeal.

**APPEAL DISMISSED.**